UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BERNARD D. ACKERMAN,

        Plaintiff,

v.                                                    Case No. 8:11-cv-1980-T-17TBM

EARL MORELAND,
State Attorney, Twelfth Judicial
Circuit,

        Defendant.
_____

# O R D E R

This cause is before the Court on Defendant Earl Moreland's motion to dismiss Plaintiff Bernard Ackerman's 42 U.S.C. § 1983 civil rights complaint. (Doc. 11).

## STATEMENT OF THE CASE

Ackerman filed his "Civil Rights Complaint" and "Memorandum of Law in Support of Title 42 U.S.C. § 1983" against Moreland, State Attorney for the Twelfth Judicial Circuit of Florida, seeking "injunctive" relief.  Ackerman seeks to have this Court  order Moreland "to provide access to … physical evidence for DNA testing and order DNA testing to be done on the physical evidence." (Complaint at 10).

Although Ackerman seeks injunctive relief, he alleges a Fourteen Amendment due process claim contending that the "state procedures are inadequate and fundamentally unfair in practice." (Complaint at 8, 8(a) Section VI. Statement of Claim and Section VII, Statement of Facts).

**Background**

In 1997, Ackerman was convicted of capital sexual battery and sentenced to life imprisonment in the Circuit Court for the Twelfth Judicial District of Florida. See *State of Florida v. Bernard D. Ackerman*, Case Number: 1996 CF 008124 NC, Uniform Case Number: 581996CF0081240001NC.  The state district court of appeal per curiam affirmed his conviction and sentence.  *Ackerman v. State*, 736 So.2d 1186 (Fla. 2d DCA 1999).

Since the initial affirmation on appeal of his judgment and sentence, Ackerman has filed numerous motions and petitions before the Florida Courts. See Complaint, Exhibit 2 (entitled "District Court of Appeal Reversing" at 2, 3 n.1 providing a copy of *Ackerman v. State*, case number, 2D06-3789, opinion filed May 7, 2007, which lists nine (9) separate appellate attempts by Ackerman).

The Florida state trial court has enjoined Ackerman "from filing any further pro se motions for postconviction relief or motions to correct illegal sentence." Complaint, Exhibit 4 (entitled "Exhibit 4 Summary Denial" at 2 providing a copy of *State of Florida v. Bernard D. Ackerman*, Case Number: 1996 CF 008124 NC, "Order Denying Motion for Postconviction DNA Testing and Order Enjoining Defendant From Filing Further Pro Se Motions for Postconviction Relief or Motions to Correct Illegal Sentence").

Inclusive of Ackerman's numerous appeals is the present subject matter before this Court, i.e., Ackerman's postconviction motion for relief for access to, and testing of, an alleged DNA rape kit that is now supposedly in possession of the State of Florida through present Defendant, State Attorney Earl Moreland.

In its May 4, 2007 order, the state district court of appeal stated in general terms the following:  Ackerman initially filed his postconviction motion for DNA testing alleging that

2

a specific physician had collected DNA evidence. Attached to Ackerman's initial motion was the transcript of that physician's testimony. Upon review, the transcript testimony was determined to directly refute Ackerman's claim and the state trial court held Ackerman's initial motion as "facially insufficient." (Complaint, Exhibit 2 at 4). The opinion states that Ackerman amended his initial motion and re-alleged that the suspect DNA rape kit was created "as part of a physical exam of the child and … [the rape kit was]… located either with the Sarasota Police Department or the Florida Department of Law Enforcement." *Id.* At that point, with consideration of the merits the state trial court summarily denied Ackerman's amended motion.

Following summary denial, Ackerman appealed the matter to the state district court of appeal. In its May 4, 2007 opinion, the state district court of appeal reversed and remanded the case finding that while the physician's testimony did refute Ackerman's claim over the existence of a DNA rape kit, the broader issue of whether or not a DNA rape kit ever existed had not conclusively been heard. That issue, whether or not a DNA rape kit ever existed, was then heard by the state trial court at an evidentiary hearing on November 15, 2007. The state trial court issued its opinion on November 19, 2007, and held "that no rape kit was ever ordered, no rape kit was ever taken, and that no rape kit exists or ever existed. The Defendant's [Plaintiff Ackerman] Motion for DNA Testing, is therefore, factually inaccurate." (Complaint, Exhibit 4 at 1, 2.).  Ackerman also appealed that decision and the state district court of appeal affirmed the lower court's decision by order filed on October 23, 2009. (Complaint, Exhibit 5 (entitled "Appeal Affirmed by District Court of Appeals 20 So.3d 851 (Fla 2 DCA 2009")).

Now, Ackerman seeks redress of his state claim action before this Court citing a civil

3

rights action and Section 1983 claim for injunctive relief.

## DISCUSSION

Ackerman brings this Federal action seeking injunctive relief against Defendant Moreland to turn over physical evidence: a DNA rape kit Ackerman claims is in the possession of the State of Florida. Moreland's motion to dismiss can be granted based on the following: 1) this Court may not review state court final judgments pursuant to the *Rooker-Feldman* Doctrine, and 2) Fed. R. Civ. P. 12(b)(6) (failure to state a claim for which relief may be granted).

Further, it is not necessarily clear that Ackerman presents a constitutional claim. If so, dismissal is proper for failing to state a cognizable claim, prosecutorial and qualified immunity. Central to Ackerman's claim, as represented and referenced in Ackerman's own complaint and exhibits, is that this very issue was properly noticed, tried and heard before the Florida courts of proper jurisdiction over the cause or issue presently at hand.

Whether the present issue is framed as an issue of claim preclusion makes no difference, given that Ackerman's present action is exactly the same action, whether it be an issue found within a cause of action or considered as a separate cause of action. What is clear is that Ackerman alleges the same set of allegations previously heard by the state trial court in its Rule 3.853[1] evidentiary hearing as later affirmed by the state district court of appeal. Additionally, this matter is properly within the Doctrine of *Rooker-Feldman*, thus removing Federal jurisdiction from this Court.

---

[1] Florida Rules of Criminal Procedure, Rule 3.853, Motion for Postconviction DNA Testing, governs the procedure allowing defendants to be heard, with appointed counsel if indigent, to gain access to, and test, DNA specimens.

**Motion To Dismiss –Standard of Review**

The Court is guided by the principal that all well pled factual allegations in the complaint are taken as true. *Scheuer v. Rhodes*, 416 U.S. 232 (1974), *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), *Miccosukee Tribe of Indians of Fla. v. Florida State Athletic Comm'n,* 226 F.3d 1226, 1234 (11th Cir. 2000), *In re Johannessen*, 76 F.3d 347, (11th Cir. 1996). To reach this determination, a court must view the allegations of the complaint in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969), *Sofarelli v. Pinellas County*, 931 F.2d 718, 721 (11th Cir. 1991). "It is well settled that a complaint should not be dismissed unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts which would entitle [him] to relief." *Banco Latino v. Gomez Lopez*, 17 F. Supp. 2d 1327, 1331 (S.D. Fla. 1988) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957));  *see also Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001).

However, Plaintiff must still provide enough factual allegations to raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," and a complaint that merely offers "labels and conclusions," or "a formulaic recitation of the elements of a cause of action," is insufficient. *Twombly* at 555.

A motion to dismiss will be denied unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Luckey v.*

*Harris,* 860 F.2d 1012, 1016 (11th Cir. 1988), *reh. denied en banc*, 896 F.2d 479 (11th Cir. 1989), *cert. denied*, 495 U.S. 957 (1990). "[C]onclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In the case of a pro se action, the Court should construe the complaint more liberally than it would formal pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) per curiam. Nonetheless, a pro se plaintiff must meet the minimal standards of pleading. *Eidson v. Arenas*, 155 F.R.D. 215 (M.D. Fla. 1994). Although this Court must take all factual allegations in the complaint as true, this Court is not bound to accept as true, legal conclusions couched as factual allegations . *See e.g. Beck v. Interstate Brands Corp.*, 953 F.2d 1275, 1276 (11th Cir. 1992). Finally, a court is "not permitted to read into the complaint facts that are not there." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

**Defendant Moreland is entitled to dismissal**
**pursuant to the *Rooker-Feldman* Doctrine**.

The *Rooker-Feldman* Doctrine (*Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 46 U.S. 462 (1983)) stands for the proposition that federal courts (other than the United States Supreme Court) lack jurisdiction to review final judgments of state courts. For the *Rooker-Feldman* Doctrine to apply, the following must be present in the federal case: (1) the party in federal court is the same as the party in state court; (2) the prior state court ruling was a final or conclusive judgment on the merits; (3) the party seeking relief in federal court had a reasonable opportunity to raise its Federal claims in the state court proceedings, and (4) the issue before the federal court was either adjudicated by the state court or was inextricably

6

intertwined with the state court's judgment. *See Amos v. Glynn County Bd. of Tax Assessors*, 347 F. 3d 1249, 1265 n.11 (11th Cir. 2003). In the present case, all of the above are met: (1) Ackerman was a party to the state law proceeding; (2) the final judgment entered was a final judgment on the merits of all related issues; (3) Ackerman had the opportunity to raise his federal challenges in state court and failed to do so; and (4) the state court adjudicated the issues that are now before this Court or alternatively, Ackerman's present claims are inextricably intertwined with the state court's judgment.

The *Rooker-Feldman* Doctrine "precludes lower federal court jurisdiction over claims seeking review of state court judgments ... no matter how erroneous or unconstitutional the state court judgment may be." *Brokaw v. Weaver*, 305 F.3d 660, 664 (7th Cir. 2002) (citing *Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 996 (7th Cir. 2000)). *Rooker-Feldman* applies not only to claims that were actually raised before the state court, but also to claims that are inextricably intertwined with state court determinations. *See Feldman*, 460 U.S. at 482 n.16. Accordingly, a state litigant seeking review of a state court judgment must follow the appellate process through the state court system. *See Stevens v. Deutsche Bank Nat. Trust Co.*, 2009 WL 248239 (M.D. Fla. Jan. 30, 2009).

Ackerman essentially seeks federal review of his state claim on the same issue: existence of a DNA rape test kit. Therefore, Moreland is entitled to dismissal of the Complaint as this Court lacks jurisdiction under the *Rooker-Feldman* Doctrine.

**Defendant Moreland is entitled to dismissal under Fed. R. Civ. P. 12(b)(6), failure to state a claim for which relief can be granted.**

The purpose of a motion to dismiss under Rule 12(b)(6) is to allow the Court to eliminate actions that are fatally flawed in their legal premise and are destined to fail, and

7

thus spare litigants the burdens of unnecessary pretrial and trial activities. *Advanced Cardiovascular Systems, Inc., v. Scimed Life Systems, Inc.*, 988 F.2d 1157 (8th Cir. 1993). It is clear from Ackerman's complaint and in particular, the exhibits capturing the judicial decisions reached below is "that no rape kit was ever ordered, no rape kit was ever taken, and that no rape kit exists or ever existed. The Defendant's [Plaintiff Ackerman] Motion for DNA Testing, is therefore, factually inaccurate." (Complaint, Exhibit 4 at 1, 2).

Ackerman's present action is simply a restatement of his previous claims. The instant complaint is clearly without merit, it is factually devoid of any truth and is a frivolous attempt to induce federal review of a proper state action. Ackerman continues his persistent effort to perpetuate the notion that a DNA rape kit must exist out there somewhere because no one particular person can deny its non-existence. That very issue or cause has clearly been refuted at the appropriate evidentiary hearing and is settled with finality by the Florida Courts.

Ackerman's allegations are simply his own legal conclusions presented without any plausible set of facts. Notwithstanding the decisions below, Ackerman's allegations, even if taken as true, are at best mere speculation based on complete falsehood. Ackerman however, cannot conveniently ignore the fact that the Florida courts have determined "that no rape kit exists or ever existed." (Complaint, Exhibit 4 at 1, 2). The present Defendant and State Attorney cannot be enjoined to turn over something that has legally been determined not to exist. Therefore, Defendant Moreland is entitled to dismissal of Ackerman's complaint for failure to state a claim for which relief can be granted.

### Res Judicata or Collateral Estoppel

The defense of res judicata or collateral estoppel is an affirmative defense. Fed. R.

Civ. P. 8(c)(1). Res judicata bars relitigation of matters decided in a prior case. *Jang v. United Technologies, Corp.*, 206 F.3d 1147, 1149 (11th Cir. 2000). Res judicata, or claim preclusion, bars the present action if (1) the prior decision was rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) the parties are identical in both suits; and (4) the prior and present causes of action are the same. *Davila v. Delta Air Lines, Inc.,* 326 F.3d 1183, 1187 (11th Cir. 2003), *I.A. Durbin, Inc. v. Jefferson Nat. Bank,* 793 F.2d 1541, 1549 (11th Cir. 1986). Similarly, collateral estoppel, or issue preclusion, bars the present action if it relitigates the same issue that was actually litigated in the prior suit. *I.A. Durbin* at 1549.

Preclusion under res judicata not only pertains to claims that were actually raised in the prior action but also those that could have been raised previously. *Trustmark Ins. Co. v ESLU, Inc.*, 299 F.3d 1265, 1271 (11th Cir. 2002). The question of whether or not the causes of action are the same depends on whether or not they arise "out of the same nucleus of operative fact, or [are] based upon the same factual predicate." *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1297 (11th Cir. 2001).

Ackerman continues and presents before this Court, the same argument over the existence and testing of a DNA rape test kit. The instant cause or issue involves the same questions concerning the existence of a DNA rape kit.  The state evidentiary hearing was a Florida Rule 3.853, Motion for Postconviction DNA Testing hearing, and was complete with witness testimony heard in a court of proper jurisdiction with finality as affirmed by the state district court of appeal. The findings of the evidentiary hearing confirmed "that no rape kit was ever ordered, no rape kit was ever taken, and that no rape kit exists or ever existed. The Defendant's [Plaintiff Ackerman] Motion for DNA Testing, is therefore, factually

9

inaccurate." (Complaint, Exhibit 4 at 1, 2).

This Court's position is that the Sarasota Police Department, the Florida Department of Law Enforcement and now, the State Attorney's Office as the "State" in "State of Florida v. Bernard M. Ackerman" all fall under the umbrella of "state." To do otherwise allows Ackerman the continued opportunity to expend legal resources and simply pick a different state actor from a presumed trail of individuals, all of whom could not arguably deny the non-existence of a DNA rape test kit.

The doctrine of collateral estoppel or issue preclusion applies when a court of competent jurisdiction determines an issue as necessary to support its judgment and becomes conclusive in subsequent suits involving a party or one in privity. *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 485 (1982) (stating the "usual rule is that merits of a legal claim once decided in a court of competent jurisdiction are not subject to redetermination in another forum"). "Under collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." *Montana v. United States*, 440 U.S. 147, 153 (1979). This action is barred by the Doctrine of Res Judicata.

**Ackerman fails to state a cognizable federal Constitutional claim.**

Ackerman argues that his Liberty and Due Process rights were violated by Defendant Moreland, as the State Attorney for the Florida Twelfth Judicial Circuit, by Moreland's refusal to release physical evidence (DNA rape test kit) that Ackerman contends still exists. A civil action brought under 42 U.S.C. § 1983 is an action for the constitutional deprivation of an individual's rights, and in pertinent part states:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State...subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding ....

The initial inquiry focuses on whether or not two essential elements are present: (1) whether the person engaged in the conduct complained was acting under color of state law, and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States. *Duke v. Massey*, 87 F.3d 1226, 1231 (11th Cir. 1996), *Hale, v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995). If either of the above elements are missing, the claim fails.

In order to act "under color of state law" a defendant must exercise power possessed by virtue of state law, which is made possible because the defendant is clothed with the authority of state law. Thus, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law. *West, v. Atkins*, 487 U.S. 42 (1988). Here, Defendant Moreland, as a State Attorney, was clearly exercising his authority under the laws of Florida.

In order to proceed under a cause of action for § 1983, Plaintiff "must allege the violation of a right protected" by the Constitution. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Ackerman's present claim seeks injunctive relief that must start with the "existence" of a DNA rape test kit. Ackerman provides no set of allegations other than broad and general conclusions that Moreland is in possession of this "non-existent" DNA rape kit. Further, Ackerman fails to assert just how his constitutional rights have been violated by Moreland.

In sum, Ackerman simply ignores the fact that the existence of a DNA rape test kit

has been properly adjudicated where it was determined that one never existed. Other than presenting his disagreement over the Florida court's ruling, Ackerman fails to allege any set of plausible facts as to why the proceedings below violated his constitutional rights. Therefore, dismissal is warranted for failure to state a cognizable federal Constitutional claim.

### Defendant is entitled to prosecutorial and qualified immunity.

As previously stated, Defendant Moreland was at all times acting under the color of state law. As a prosecuting attorney Moreland is entitled to prosecutorial immunity. See *Imbler v. Pachtman*, 424 U.S. 409 (1976).

If it is deemed that Moreland was somehow acting in his individual capacity, he is entitled to qualified immunity. Qualified immunity shields state officials from liability for discretionary actions unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800 (1982), *Davis v. Scherer*, 468 U.S. 183 (1984).

The present record provides nothing less than the fact that Moreland was acting in his official capacity representing the people of Florida by prosecuting crimes in his jurisdiction. Ackerman raises no set of allegations to indicate otherwise. Other than general conclusory allegations that Defendant somehow violated his constitutional rights, Ackerman fails to state a cognizable claim or provide any plausible allegation that Moreland's actions were unreasonable or illegal. Therefore, dismissal is warranted based on prosecutorial or qualified immunity.

Ackerman's arguments in his response to the motion to dismiss are not persuasive.

Accordingly, the Court orders:

That Defendant Moreland's motion to dismiss (Doc. 11) is granted.  The Clerk is directed to enter judgment for Moreland and to close this case.

ORDERED at Tampa, Florida, on March 28, 2012.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record
Bernard D. Ackerman